MANUEL FERNÁNDEZ-NÁTER, Plaintiff and Appellee, *v.* ARTURO APONTE, Defendant and Appellant.

No. 3835. Argued January 25, 1926.—Decided February 10, 1926.

*Horacio Franceschi* and *Enrique Igaravídez* for the appellant. *Luis Muñoz Morales* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The appellee moved for the dismissal of this appeal on the ground of abandonment by the appellant.

The motion is dated January 5, 1926, and was served on the adverse party on the same date. It is alleged therein that judgment was rendered on March 3, 1925; that the appeal was taken on April 1, 1925; that the stenographer

was requested to prepare a transcript of the evidence and it was filed in the clerk's office on August 7, 1925, and that since that date the appellant had done nothing to perfect his appeal. The allegations of the motion are substantiated by a certificate issued by the clerk of the trial court.

The appellant opposed the motion, alleging that the district court was in vacation during the months of August and September, 1925; that in September the court was reorganized, two of its judges being appointed in that month and the third in October; that during the months of October, November and December the court worked without internal rules until the Judicial Council created by the organizing act met on December 26th and approved its rules; that on January 11th the appellant notified the appellee that the court had set the 18th of that month for the approval of the transcript; that on the 18th the appellee did not appear and no amendments thereto having been offered, the court ordered that the case be passed to Rodríguez Serra, the judge who presided at the trial, and that the appellant had not been able to communicate with Rodríguez Serra because during these days the latter had been absent from his office. The appellant cites the decision of this court in the case of *López v. P. R. Ry., Light & Power Co.,* 31 P.R.R. 657.

The jurisprudence established in that case is as follows:

"The Supreme Court will not exercise its discretion under its Rule 59 to dismiss an appeal because of the mere lapse of ninety days. It should be shown also that the appellant had been negligent to such extent as to justify chastisement by the loss of his remedy."

Applying that jurisprudence, we believe that the appeal should be dismissed. Perhaps the appellant was justified in failing to act during the months of August and September while the district court was in vacation. For his failure to act during the months of October, November, December, and during the first fortnight of January, or for a period of more than one hundred days, no valid excuse is offered by him.

The law and the jurisprudence of this court clearly prescribe that the judge who presided at the trial is the one called upon to approve the statement of the case, so that the changes effected in the district court to which the appellant refers have no influence in the case.

In the *López Case, supra,* when the hearing on the motion was held the transcript was already filed in the office of the secretary of this court. Besides, the lack of diligence in that case was not so manifest nor during so long a period of time. The statement of the case was presented on October 4, 1922; the court went into vacation in November and did not resume its work until January 2, 1923. On the 15th of the following month of February the appellant moved for the setting of a date for hearing. Without doubt there was negligence on the part of the appellant, but not in such a degree as to convince the court that it was a case for dismissal of the appeal under Rule 59.

For the foregoing reasons the motion of the appellee should be sustained and the appeal dismissed.